

### THE MOORISH NATIONAL REPUBLIC
### MOORISH DIVINE AND NATIONAL MOVEMENT OF THE WORLD
Aboriginal and Indigenous Natural Peoples of North-West Amexem
North America

## UNITED STATES
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

## CASE NUMBER:

Ra Nu Ra Khuti Amen Bey
PO Box 11205
Tampa, FL 33680
ruty7bey@gmail.com

DHL
DHL Corporate Headquarters
1210 South Pine Island Road
4th Floor
Plantation, FL 33326

LADY LUCK LOGISTICS LLC
Incorp Services, Inc., 3458
Lakeshore Drive, Tallahassee, FL 32312

8:23-cv-1435-KKM-SPF

ra nu ra khuti amen bey,
Authorized Representatives,
Living Principal
Plaintiff
v.
 DHL; Deutsche Post; Deutsche Bank;
Alexander Wynendts; Anthony Urso of Lady Luck
Logistics, et al.

_____/

## NOTICE OF
## APPLICATION TO COMPEL INTERNATIONAL COMMERCIAL
## ARBITRATION

Page **1** of **4**

TPA 68777
$400.00

**NOTICE IS HEREBY GIVEN** that applicant is hereby before this court by Special Appearance with the voidance of waiving any rights, statutorily or procedural. I am the secured party creditor, ra nu ra khuti amen of the family bey. I am a 3rd party intervener in this matter the authorized representative for my title 26 USC 2613(2) - Skip Person (client) acting in my own interest. I am donor, beneficiary and creditor in fact operating in the capacity of the living principal and I do have a valid, irrevocable and enforceable contract in place with the debtor which precludes taxable termination events and all other actions that may arise in this matter against any version of the all capital name BERTRAM ANDREWS-POWLEY,III© xxxxxxx71 based on prior contractual agreements such as a hold harmless indemnification agreement, non-negotiable security agreement, commercial security agreement inter alia pursuant to "financing statement" number 201703020543 successfully filed on October 20, 2018.

**NOTICE IS HEREBY GIVEN** of the new filing of the accompanying Application to Compel International Commercial Arbitration under Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 and the rules for the International Center for Dispute Resolution (ICDR) pursuant to Title 9 USC 6 and pursuant to 81(a)(6)(B) of the Federal Rules of Civil Procedure on the Demand Letter(s) accepted by DHL, Deutsche Post, Deutsche Bank and Lady Luck Logistics, Inc. by registered trust account number(s) 959094026646106050867 / 959094027779215207558; Notice of Default by registered trust account number(s) 70210350000004693769 / 70221670000205309268; and Notice of Right to Cure by registered trust account(s) 70221670000205309220 / 70221670000205309299 which is a valid, irrevocable, and enforceable international commercial contract which contains a written arbitration agreement.

**NOTICE IS HEREBY GIVEN** In accordance with the Federal Rules of Civil Procedure 12(a)(1)(A)(i) the responding party has 21 days from the filing date by which to file responding papers.

**NOTICE IS HEREBY GIVEN** to the administrator(s) of this application to compel arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 in this tax matter and who are the current holder(s) and holder(s)

in due course, Magistrate / Judge / Chief Justice Timothy J. Corrigan / Clerk of the Court Elizabeth Warren, State Attorney Andrew Warren, Mayor Jane Castor and Sheriff Chad Chronister that a trust is now inferred by an operation of law pursuant to title 26 USC 2612(b)(1)(2) and as a result you are each now appointed to trustee in this matter by the applicant under the Power of Appointment Act of 1951. Pursuant to Federal Rules of Civil Procedure 28 B on the convention of the taking of evidence in a civil or commercial matter under chapter 1 article 1 you are Noticed that in the event that a taxable termination event occurs in this matter on this priority debt instrument currently in your possession on the trade receivable and payable on the aforementioned demand deposit account by any negligent wrongful acts or omissions that will lead to an unlawful conversion and sale and transfer under the Miller Reinsurance Agreement in favor of the United States through standard forms 275, performance bonds 273 and payment bonds 274 by the United States Attorney under tile 28 USC sections 241, and 242 to offset a commercial backed security, that I am not assuming the tax liability.

Since I am not assuming the tax liability for any unlawful conversion, transfer and sale as a taxable event, claimant is requesting that you order the Head of the Agency for the United States Department of Justice to send to me certified copies of the U.S. Informational tax forms 1096, and accompanying 1099 Original Issue Discounts and tax forms 8300 for any cash payment over 10,000 for the identification of the payor and the receiver of the funds in connection to or associated with any unlawful securitization. Also, please request from the Head of the Agency for the United States Department of Justice to send to me a copy of the statement of financial accounting standards FASB number 95 and the International Accounting Standards form 746 on the inflows and outflows of cash and cash equivalents on the balance sheets of the Federal Reserve form 2046 to identify both the source and the principal of which the funds or cash proceeds derived from. This notice is in accordance with *HJR 192 and the (Clearfield Doctrine) Clearfield Trust Co. v. U.S., 318 U.S. 363 (1943) 318 U.S. 744, 63 S.Ct. 573, 87 L.Ed.838. 43-1 USTOP – 10,051... which goes on to say that*

*when commercial paper is used by corporate government, the government loses its sovereignty status and becomes no different than a mere private corporation.*

**NOTICE IS HEREBY GIVEN** Applicant makes no claim with respect to the title BERTRAM ANDREWS-POWLEY, III© and I surrender and assign any and all "Reversionary Interest" to the United States and subsidiaries for full "Acquittance, discharge, settlement and closure" of my reliance pursuant to title 12 USC 95a, part 2 and I assume no liability and do not consent to stand as "surety" for any point, moment in time.

In the event of a fungible monetizing of this document / failure to bring this account to zero /significant modification of this international commercial debt instrument or by an accommodation bill of exchange done by the new trustees or executors the liability attaches as outlined in title 26 USC 2603.

In the event of a significant modification please provide to the applicant a copy of the w-9 for the new trustee / executor as the holder of a debt instrument must file a 1099 OID as outlined in the Internal Revenue Services' Publication A and C.

**INDENTURE AGREEMENT** and **BOND**: Applicant request that all fiduciaries put up a fidelity bond during the administration of this estate when the personal value exceeds one hundred thousand (100,000). This trust instrument was executed before 06/ 23/ 2023 unless reflected otherwise in this document.

**Notice to the Agent is Notice to the Principal – Notice to the Principal is notice to the Agent.**

June 27, 2023

Non – U.S. Person - Non – Resident – Non – Domestic – Non – Subject

In Honor,

I am:

*ra nu ra khuti-amen:bey*

ra nu ra khuti amen bey,
Authorized Representative
Natural Person, In Propria Persona: In Solo Proprio, Sue
Juris, Sue Heredes, Ex Relatione
All Rights Reserved:U.C.C.1-207/ 1-308; U.C.C. 1-103
C/o~P.O. BOX 11205 ~tampa- territory, ~florida-
republic [~33680-9998] Non Domestic
813-293-5194





# THE MOORISH NATIONAL REPUBLIC
## MOORISH DIVINE AND NATIONAL MOVEMENT OF THE WORLD
Aboriginal and Indigenous Natural Peoples of North-West Amexem
North America

### UNITED STATES
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

### CASE NUMBER:

8:23-cv-1435-KKM-SPF

Ra Nu Ra Khuti Amen Bey
PO Box 11205
Tampa, FL 33680
ruty7bey@gmail.com

DHL
DHL Corporate Headquarters
1210 South Pine Island Road
4th Floor
Plantation, FL 33326

LADY LUCK LOGISTICS LLC
Incorp Services, Inc., 3458
Lakeshore Drive, Tallahassee, FL 32312

ra nu ra khuti amen bey,
Authorized Representatives,
Donor, Grantor, Beneficiary,
Secured Party Creditor, Living Principal
Applicant
v.
DHL; Deutsche Post; Deutsche Bank;
Alexander Wynendts; Anthony Urso of Lady Luck
Logisticsn (LLL), et al.
Respondent(s)

_____/

## APPLICATION TO COMPEL

## INTERNATIONAL COMMERCIAL ARBITRATION

## DESCRIPTION OF THE PARTIES

1. Applicant, ra nu ra khuti amen bey, an Empire Washsitaw de dugdahmoundyah Moor , Jamassee Native American, Indigenous American National, Original, Natural Inhabitant, Authorized Representative, Living Man with a soul, In-Propria Persona, Sui Juris, In Solo Proprio not to be confused with a corporate entity / transmitting utility / ens legis, as outlined in 31 USC 3128. Mailing Address: C/o PO Box 11205 tampa-territory, florida-republic [33680-9998] ruty7bey@gmail.com. I am, a descendant of the Jamassee Tribe of the South Carolina Territory and of the Kalifunami Tribe of South America, of the ROYAL HOUSE OF TUNICA, by bloodline and rightful heritage gives proper Notice to all parties that WE NATIOINALS OF UNITED WASHITAW DE DUGDAHMOUNDYAH MUUR NATION' ARE SELF GOVERNING AND SELF AUTONOMOUS!!! This is based on the UNITED NATIONS DECLARATION ON THE RIGHTS OF INDIGENOUS PEOPLES Article 4, THE CONSTITUTION FOR THE UNITED STATES OF AMERICA NORTH CONTINENT AND THE TREATY OF PEACE AND FRIENDSHIP BETWEEN MOROCCO AND THE UNITED STATES.

2. (Refused to arbitrate): Respondent, Principal, DHL, and Located at DHL Corporate Headquarters 1210 South Pine Island Road 4th Floor Plantation, Florida 33324. Phone Number 1-800-225-5345; and

3. (Refused to arbitrate): DHL officers' who are liable to applicant are: MIKE PARRA, CEO and KEN ALLEN, CEO of DHL Express.

4. (Failed to arbitrate): DHL became a wholly owned subsidiary of DEUTSCHE POST in 2002; Since May 2018, DEUTSCHE POST operates as a brand of DUETSCHE BANK'S retail arm; the directors' liable to applicant are ALEXANDER WYNENDTS, Chairman – Supervisor Board, DETLEF POLASCHETE, LUDWIG BLOMEYER-BARTENSTEIN, MANREU CLARK, JAN DUSCHECK, MANJA EIFERT, SIGMAN GABRIEL, TIMO HEIDER, MARTINA KLAE, GABRELI PLATSCHER, BERND ROSE, YNGVE SLYNGSTA, JOHN ALEXANDER THAIN, MICHELE TROGNI, Dr. DAGMAR VALCARCAL, and STEFAN VIERTEL.

5. (Refused to arbitrate):   LLL officers' who are liable to applicant are: ANTHONY URSO, ANTHONY V. URSO, JOHN DOE, JANE DOE, et-al.

6. (Refused to arbitrate): Respondent, Lady Luck Logistics, Inc. located at 300 N. Martingale Road Suite 460 Schaumburg, Illinois 60173 and its Registered Agent is Incorp Service, Inc located at Incorp Services, Inc., 3458 Lakeshore Drive, Tallahassee, FL 32312

## JURISDICTION

7. This court has Jurisdiction under the Federal Arbitration Act at 9 USC 4(a)(c); 9 USC 203; 9 USC 201; and 9 USC 305(2).

8. Admiralty Maritime law by operation of law under the judicial power of the United States 28 USC 1333 and under Article I section 2 of the Constitution for the United States of America North Continent.

9. Exclusive Jurisdiction of Federal Rules of Civil Procedure 9(h) – Admiralty or Maritime for purpose of Rules 14(c), 38(e) and (82) and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions within title 28 USC 1292 (a)(3).

10.     This court has jurisdiction over the property in this tax matter pursuant to Federal Rules of Civil Procedure rule 4(d)(i) and 26 USC 7403.

11.     28 USC 151, the "Federal Judgeship Act" placed Jurisdiction in the District Courts over all cases under the United States Codes at 28 USC 1334.

12.     United States Middle District of Florida Tampa Division may also assert jurisdiction over the respondent(s) and the unlawfully modified negotiable instrument(s) a.k.a. (subject matter) pursuant to 9 USC 203 and the Federal Rules of Civil Procedure rule 81(a)(6)(B) and 4(d)(1).

13.     Persona jurisdiction over the respondent(s) and Subject matter jurisdiction is established under the Joint Employer Doctrine and pursuant to the Joint Employer Doctrine an

employee may assert Title VII liability against a "constructive employer" – an entity that shares in controlling the terms and conditions of a plaintiff's employment. *See Arculeo v. On-Site Sales & Mktg. 425 F. 3d 193, 198 2nd Cir 2005. Also, see text message from Supervisor explaining that wrongful termination was the result of following LLL and DHL's Human Resources procedure.*

## VENUE

14.    Venue falls under 9 USC 204 and is proper as the respondent(s) has a place of business in Hillsborough County, Florida.

15.    Venue is proper as there is diversity of citizenship between the parties and the amount related to the contract(s) in this matter exceeds the required amount for the United States Middle District of Florida Tampa Division.

## STATEMENT OF RELIEF

16.    Applicant requests this United States Middle District Court of Florida Tampa Division to view this applicant as Donor, Grantor, Beneficiary, Executor, Secured Party Creditor, In-Propria Persona and as a Moorish American National Native American and not as a (brand), such as Negro, Blackman, Colored, African American, or any other by word, slave title or nom de guerre imposed upon me for misrepresentation or other acts of misprision that a misdirected portion of society may believe to be true.

17.    Applicant does not, under any condition or circumstance, by threat, duress or coercion waive any inalienable and protected rights that are secured by the true law of the land (Constitution or Treaty) and hereby requests the United States Middle District of Florida Tampa Division to fulfill its obligation to preserve the rights of this applicant and carry out its judicial duty in good faith.

18.    Under 9 USC 3 and Florida Statute 682.03(1)(a), applicant asserts the right to request the court to stay any judicial proceedings that may arise in this matter until the court renders a final decision on the application to compel the parties to international commercial arbitration.

19.　　Applicant seeks an Order pursuant to 9 USC 2, 9 USC 206, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 from this Court to compel the parties Attorney Christa S. Johnson, Esq., attorney for the respondent DHL / Deutsche Post / Deutsche Bank / Lady Luck Logistics, LLC and Attorney Barry Freeman, Esq., attorney for the respondent Lady Luck Logistics, LLC (LLL) to international commercial arbitration under the terms of the written agreement to international commercial arbitration.

20.　　Applicant seeks an Order under 9 USC 5 for the appointment of a panel of three arbitrators to administrate the proceedings under American Arbitration Association's ICDR rules for arbitration and as outlined in the written agreement to international arbitration.

21.　　Under the 7th Amendment to the Constitution for the United States of America North Continent, applicant asserts the right to a trial by jury of my own peers.

## AFFIDAVIT OF FACTS

### THE ISSUE or BASIS for the COMPELLING of INTERNATIONAL COMMERCIAL ARBITRATION on the ARBITRAL TAX ISSUE / TAX MATTER

22.　　We are here on a tax issue or tax matter that stems from an international commercial agreement entered into by the parties that is classified throughout statutory law as a demand letter, demand package, contractual agreement, original issue discount, negotiable instrument, promissory note, private banker's contract, security instrument, security interest, international commercial instrument, commercial instrument, publicly traded debt, debt instrument, interest and etcetera.

23.　　This international commercial contract between the parties is a valid, irrevocable and enforceable agreement that contains a written agreement to arbitration.

24.　　The respondent(s) accepted then dishonored the presentment significantly by failing to give a receipt and for changing the terms of the payment assigned to the note.

25.    The significant modification was a cancellation of debt that created a new debt note securitizing the promissory note giving it a maturity date greater than 6 months turns the note into a security.

26.    The respondent(s) must include the note as gross income each year they are in possession of the note.

27.    The problem, besides the unlawful securitization of the negotiable instrument, is that the income belongs to the applicant and the applicant has a right to assess the tax and get a return... this is the arbitral issue – the tax issue or matter on the taxable termination / Generation Skipping Transfer Tax.

28.    An arbitral issues was raised once applicant issued notice(s) to the respondent(s) of their default on the demand for lawful payment; and the respondent(s) were in fact given notice in the right to cure document NOT to securitize the note.

29.    The applicant did give the respondent(s) notice of the opportunity / right to cure the default on which the respondent(s) were in fact warned not to securitize the demand package.

30.    At no time has applicant waived the right to compel arbitration, as the respondent(s) has accepted the demand for lawful payment subject to all defenses and claims.

31.    This contractual agreement between the parties created a complex trust arrangement and once deposited into a demand deposit account, by statutory law, the applicant gained the right to control and inspection of the account in addition to the right to enforcement and collection of the property held in the account.

32.    Attorney Christa S. Johnson, Esq., attorney for the respondent DHL / Deutsche Post / Deutsche Bank / Lady Luck Logistics, LLC has failed to arbitrate or even participate in the preliminary attempt to organize the parties in order to administer the arbitration.

33.    Attorney Barry Freeman, Esq., attorney for the respondent Lady Luck Logistics, LLC (LLL) has refused to arbitrate according to the written agreement to arbitrate found in the demand package under the ICDR rules as stated in the document. *See email*

*sent by opposing counsel May 30, 2023 at 11:08 a.m. "There is no ICDR arbitration. AAA has declared any arbitration will be conducted under its Employment Arbitration Rules we will proceed pursuant to those Rules and applicable AAA procedures – and ONLY pursuant to those Rules and procedures"; and on May 31, 2023 at 9:03 a.m. "Our answer is "no" on ICDR. It's Employment Arbitration and not up for debate with us or with AAA. I'm not going to go back and forth debating you. This will be my last communication on the issue."*

34.    The demand for arbitration falls under 9 USC 8 and was submitted to the International Center for Dispute Resolution under the rules for the ICDR... this demand for arbitration arises from the applicant's property (demand letter) being held by respondent in a demand deposit account whereas the arbitral issue on the demand letter is the respondent's liability on the tax issue or tax matter.

## THE RULES or BASIS for the COMPELLING of INTERNATIONAL COMMERCIAL ARBITRATION on the ARBITRAL TAX ISSUE / TAX MATTER

35.    Applicant incorporates by reference the facts alleged in EEOC complaint 511-2022-02296 received on or about June 22, 2022 and EEOC complaint 511-2023-00107 received on or about October 12, 2022.

36.    Claimant is the donor, grantor, beneficiary and executor of the Double Lion Uchet Express Trust, which is a skip person as defined in title 26 USC 2613. This is an express written contract with the United States of America. See *(Clearfield Doctrine) Clearfield Trust Co. v. U.S., 318 U.S. 363 (1943) 318 U.S. 744, 63 S.Ct. 573, 87 L.Ed.838. 43-1 USTOP – 10,051... says that when commercial paper is used by corporate government, the government loses its sovereignty status and becomes no different than a mere private corporation.*

37.    Under 31 USC 5312 (a)(2)(c) – Definitions and applications, applicant asserts against respondent(s) that proper notice of applicant acting in the capacity of a private banker in this matter was given and;

38.    Under 31 USC 5312 (a)(2)(A)(B)(D)(G)(H)(I)(J)(K)(L)(P), applicant asserts that respondent(s) is an agent of or an actual U.S. Financial Institution.

39.    U.S. Financial Institutions are regulated by the Uniform Commercial Codes.

40.    Applicant did give proper notice to respondent that applicant is a Non-U.S. Person which is defined as an individual who is

neither a United States Citizen nor a lawful permanent resident as defined in 26 USC 7701(b)(6).

41.     Under 27 CFR 72.11 and Article 1 Section 8 Clause 3 – contract clause of the Constitution for the United States of America North Continent, applicant asserts against the respondent(s) default / dishonor is an international commercial crime.

42.    Under title 26 USC section 61, applicant asserts the demand package is evidence of debt against the respondent(s) as it says "All evidence of indebtedness is includable in gross income".

## THE ARGUMENT or BASIS for the REQUEST for the COMPELLING of INTERNATIONAL COMMERCIAL ARBITRATION on the ARBITRAL TAX ISSUE / TAX MATTER

43.     Applicant incorporates by reference the facts alleged in the American Arbitration Association claim number 01-20-0002-0080; EEOC complaint 511-2022-02296 received on or about June 22, 2022 and EEOC complaint 511-2023-00107 received on or about October 12, 2022.

44.    Since the demand package and this application to compel international commercial arbitration falls under admiralty and maritime jurisdiction applicant will request that prior to litigation that the respondent(s) verify their defense /claim –in-fact by proofing up its claim that this debt is not publicly traded by providing a copy of the 1099 OID showing the payor of the funds and the recipient of the funds. The relevant precedent in our society states *"Corporations have no right to refuse to submit its books and papers for an examination at the suit of the state" – S.C.R. 1795 Penhallow v. Doane's Administrators (3U.S. 54; 1L. Ed. 57; 3 Dall. 54).*

45.    All of the issues referenced in the above EEOC administrative claim were presented to the respondent(s) for settlement and closure in the demand letters and stipulation was reached on the terms of the claim in its entirety by the respondent(s) tacit acquiescence.

46.    LLL, DHL, and applicant's relationship has progressed into a complex trust arrangement pursuant to status of the parties operating as non- US person private banker and U.S. Financial Institution relationship at the very moment the respondent(s) did an acceptance of applicant's demand for lawful payment which the

respondent deposited into a demand deposit account / correspondence account of which applicant has legal and lawful control.

47.    LLL, DHL, and applicant's relationship has solidified itself into a complex trust arrangement at the very moment the respondent(s) significantly modified the note which did in fact and law have the negative effects of a trust done by the respondent(s).

48.    Respondent(s) accepted the demand for lawful payment, which is a federal window transaction of a lawful commercial instrument and deposited it into a demand deposit account, however; respondent(s) failed to give a receipt or payment for the deposit, significantly modified the negotiable instrument and created a capital transfer tax on the taxable termination thus the respondent(s) unlawful securitization is an arbitral issue.

49.    The significant modification done by trustee / respondent is unjust enrichment and a violation of the United States Tax Code as it is an abuse of the OID rule and it is also a theft of property and conversion of applicant's estate by significant modification / securitization which are all arbitral issues under the written agreement found within demand package(s).

50.    Applicant has a lawful and legal right to present the offer in the form of a demand letter / negotiable instrument, however; the respondent(s) do not have the consent nor the lawful or legal right to significantly modify the terms of payment / to keep the account open / or to create a tax issue.

51.    Applicant is the payor of the funds and seeks to assess the tax and deduct the interest expenses with the voidance of any delay, in contrast; the respondent(s) are the recipient's of the funds and are unlawfully deferring the tax. The tax is the arbitral issue.

52.    Applicant has shown the demand package presented to respondent(s) is a publicly traded commercial debt instrument and that a significant modification /securitization was done by the trustee / respondent which does in fact and law give rise to a tax issue/ tax matter / arbitral issue; and

53.    Applicant has not waived the right to arbitration but rather pursuant to 16 CFR 433.2 the respondent(s) / trustee accepted the demand package subject to all defenses and claims. *See Pestroleous Mexicanos v. Executive MFE Aviation, LLC, 46 Fla. L. Weekly D108 (Fla 4th).*

Deutsche Bank, Deutsche Post, DHL, Lady Luck Logistics, LLC, its governing board, corporate officers, agent's and assignee's and representatives for Deutsche Bank, ignored their fiduciary duties and the statutory law on negotiable instruments in this commercial transaction and have usurped a corporate opportunity to settle and close this matter therefore applicant has a right to claim the note at maturity which is thirty times the stated redemption price at maturity for obligations issued as part of an investment unit under 26 CFR 1.1273-1:

- Applicant's demand for lawful payment was presented to the other party / directors / head of the agency / respondent(s).

- The opportunity to settle and close the demand for lawful payment is directly related to or connected with the respondent's current or proposed business as Deutsche Bank is a Clearing Corporation registered under the Federal Securities Laws as outlined in UCC 8-102(5); and

- The respondent(s) has the special skills necessary as fiduciaries, in addition to the financial ability, to take advantage of the presentment.

- The respondent(s) were noticed of being in default and was informed of their right to cure on which they were warned not to securitize the demand package. *SEE U.S. v. Bishop, 412 US 346 – Willfulness.*

54.    Applicant's demand for arbitration package is attached to this application to compel arbitration.

55.    The demand for lawful payment is a deposit made into a demand deposit account of a non – U.S. Person held in the actual or constructive possession of the respondent(s) who are a U.S. Financial Institution.

56.    By failing to treat the demand package / debt instrument according to the established statutory rules and regulations,

respondent(s) breached its duty of due diligence and triggered the written agreement to arbitrate under the FAA found within the demand for lawful payment.

57.    The customer / banker relationship itself gives applicant control over deposit account and the deposit that came about from the cancellation of debt income incurred on the publicly traded debt held in the account as this income is taxable and must be returned to the principal / applicant.

58.    By failing to secure applicant's property (demand package), the respondent, now acting in the capacity of a trustee, was noticed of being in default and of their right to cure. At this point the applicant has a right to request trust information from the respondent. This is an arbitral issue.

59.    By being in the actual or constructive possession of the debt instrument, the respondents are acting in the capacity of an executor and are responsible for the tax.

60.    This conversion of estate (taxable termination) is done on a deeds exchange of publicly traded debt which means that a tax is owed on the incurred cancellation of debt income and since applicant did not abandon the note (property) and seeks arbitration to enforce and collect on the securitization of the note there is an arbitral issue based on the respondent(s) unjust enrichment in violation of the anti – abuse rule for original issue discount.

61.    The income derived from respondent(s) capital transfer tax in this matter is unjust enrichment and this income belongs to the applicant and applicant has a right to assess the tax in this matter by requesting pertinent information from the trustee / respondent(s) during arbitration under the written agreement found in the demand package / private contract and under the ICDR rules for arbitration. By failing to participate in the arbitration proceedings (DHL) and by refusing to arbitrate under the written agreement to arbitrate clause found within the demand package (LLL), the respondent(s) are in violation of the Federal Arbitration Act.

62.    Respondent(s) acceptance, demand deposit, failure to give receipt, failure to make payment and failure to settle and close

this matter triggered the written agreement to arbitrate which is arbitral under 9 USC 8.

63.      By Lady Luck Logistics, LLC's attorney Barry Freeman, Esq.'s refusal to participate in arbitration under the written agreement found in the demand package(s), the respondent can be compelled to international commercial arbitration under the Federal Arbitration Act's article 4.

64.      By Deutsche Bank, Deutsche Post, DHL's attorney Christa S. Johnson, Esq.'s failure to respond or participate in the arbitration process up to this point, the respondent can be compelled to international commercial arbitration under the Federal Arbitration Act's article 4.

## MEMORANDUM OF LAW

## IN SUPPORT OF

## APPLICATION TO COMPEL ARBITRATION

## QUESTION

We are here on a tax issue or tax matter that stems from an international commercial agreement entered into by the parties that is classified throughout statutory law as a demand letter, demand package, contractual agreement, original issue discount, negotiable instrument, promissory note, private banker's contract, security instrument, security interest, international commercial instrument, commercial instrument, publicly traded debt, debt instrument, interest and etcetera which has a written agreement for international commercial arbitration as this contract is formed under federal law and is enforceable under the Federal Arbitration Act. In order to assess the validity, irrevocability and enforceability of the international commercial contract we should first ask:
Are the Demand Package(s) which were accepted by DHL, Deutsche Post, Deutsche Bank and Lady Luck Logistics, Inc. considered publicly traded debt?

- Demand for lawful Payment sent by U.S. Certified Mail registered trust account number(s) 95909402664461060509867 / 95909402777792152077558;

- Notice of Default sent by U.S. Mail Certified Mail registered trust account number(s) 70210350000004693769 / 70221670000205309268; and Notice of

- Right to Cure sent by U.S Certified Mail registered trust account number(s) 70221670000205309220 / 70221670000205309299

## ANSWER

Yes! The demand letter came about from the employment relationship and employment contract, however; the demand letter is a "publicly traded" commercial instrument /contract which generated a capital transfer tax and tax liability.

The fact that the respondent(s) are a U.S. Financial Institution that received a demand letter from a Native American – Secured Party Creditor is prima facie evidence of a contract involving commerce.

This demand letter is a valid, irrevocable and enforceable contract and the tax on the income unlawfully generated gives rise to the arbitral issue.

This answer is verifiable by having the respondent(s) proof up any claim to the contrary by producing the1099 OID showing the payor of the funds /true owner of the credit and recipient of the funds.

Applicant is the payor of the funds and seeks to assess the tax and deduct the interest expenses with the voidance of any delay, in contrast; the respondent(s) are the recipient's of the funds and are unlawfully deferring the tax. This is the arbitral issue.

## AFFIDAVIT OF FACTS

**There is offer and acceptance, pursuant to UCC 3-409, of an international commercial contract that includes a written agreement to arbitrate between the parties.**

1. Under 12 USC 411 – Demand for lawful money and UCC 3-501, applicant made a demand for lawful payment to respondent(s) in a good faith attempt at settlement and closure of this matter.

2. Respondent(s) acceptance of the negotiable instrument, as defined in under the Bills of Exchange Act of 1934 is pursuant to UCC 3-409.

3. Respondent(s) became the holder of the instrument under UCC 3-301 and the holder must include part of the OID as income each year they hold the debt instrument under 26 USC section 61 (a)(4).

4. Respondent(s) default / dishonor falls under UCC 3-502(a)(1) and is also an international commercial crime under 27 CFR 72.11 and Article 1 Section 8 Clause 3 – contract clause of the Constitution for the United States of America North Continent.

5. Respondent(s) failed to provide a receipt or payment for the debt instrument deposited into the demand deposit account as outlined in FASB number 95  - Statement of cash flows which defines a demand deposit as "cash is currency on hand and demand deposit accounts"... "All deposits are a cash receipt or payment". Money is further defined at 12 USC 1813(L)(1)(2).

6. Under UCC 3-602(a)(i)(ii) and UCC 3-603(b), applicant asserts failure to give payment or receipt against respondent(s) because the lawful demand for payment/ OID is a tender  of payment whereas... "if tender refused, there is discharge".

7. Liability on the debt instrument(s) attaches to respondent(s) under UCC 9-203(a) – attachment and applicant has enforceability of security interest in the negotiable instrument under UCC 9-203(b)(1)(2)(3).

8. Applicant became a customer of the respondent / trustee as a result of the demand deposit and therefore has met the requirement under UCC 9-104(a)(3) to establish lawful control over the deposit.

9. Applicant is entitled to claim the note at maturity under 26 CFR 1.1273-1 – Stated redemption price at maturity which says "If an obligation is issued as part of an investment unit that includes an option, security or other property the obligation is stated redemption for O.I.D. purposes the amount payable on maturity in respect to the obligation it doesn't include any amount payable in respect of the options, securities or other property under the repurchasing agreement ".

**Deutsche Bank is the principal to the agencies / agents/ respondent(s) who were met with the corporate opportunity to settle and close this matter.**

10. The presentment was made between the parties and directly to the Board of Directors / Head of the Agency for Deutsche Bank in their corporate capacity.

11. The presentment is related to or connected with Deutsche Bank's current business of dealing in international commercial instruments.

12. Deutsche Bank has the financial ability to take advantage of the presentment.

13. Respondent(s) took the debt instrument(s) subject to all defenses and claims made by claimant under 16 CFR 433.2 – Acceptance subject to all defenses and claims.

14. Respondent(s) are bound to arbitration under the doctrine's of incorporation, the doctrine of agency, the doctrine of piercing the corporate veil and the doctrine of estoppels when they accepted and dishonored the demand package which is a contract made under federal law and enforceable under the FAA. *See Formostar, LLC, et al. v. Henry Florentius, et al, District Court, District of Nevada, United States of America, 13 July 2012, 2:11-cv-01166-GMN-CWH; Flexi-Van Leasing, Inc. v. Through Transport Mutual Insurance Association, Ltd., et al., Court of Appeals, Third Circuit, United States of America, 18 August 2004, 03-3383; Sarhank Group v. Oracle Corporation, Court of Appeals, Second Circuit, United States of America, 14 April 2005, 02-9383; Milton Escobal v. Celebration Cruise Operator Inc., Celebration Cruise Line LLC, Court of Appeals, Eleventh Circuit, United States of America, 20 July 2021, 11-14022. See also for a case where none of the contract law theories were found applicable: Bel-Ray Co., Inc. (United States) v. Chemrite (Pty) Ltd. (South Africa), Court of Appeals Second Circuit, United States of America, 14 April 2005, 02-9383.*

**The adequate consideration is the OID interest derived from applicant's credit and the use on loan thereof by respondent that created the tax liability... this is the arbitral issue.**

15. The respondent(s) deposited the demand package(s) into a "Private Banking Account" as defined in 31 CFR Part 103 sections 531.8(i).

16. The demand package(s) are original issue discount (OID) pursuant to UCC 3-305(a)(c) – The issuer of the first funds transfer and further defined as taxable interest in 26 USC 1271-1276 – Determination of O.I.D.

17. Under UCC 3-305(a)(c) and 26 USC 1273 OID is considered taxable interest and the demand package(s) are OID debt

instruments that must be reported as gross income under 26 USC section 61. *See Deputy v. Dupont, 308 U.S. 488(1940) on the question of what is interest? "It is a charge for the use of forbearance of money".*

18.    Applicant is the "Beneficial Owner of an Account" (the account in question) as defined in 31 CFR 103.176 (b) and has control of the account under UCC 9-104(a) and priority of security interest in the deposit account under UCC 9-327.

19.    As outlined in UCC 3-106(d) negotiable instruments must be unconditional, however; respondent(s) dishonored the presentment thus re-structuring the debt against the terms of the negotiable instrument and in opposition to the statutory requirements for negotiable instruments.

**The respondent(s) do have the capacity to perform the contract and this international commercial arbitration arises out of their failure to do the lawful duties created by the parties' contractual relationship:**

20.    The respondent(s) does have the capacity to enter into this commercial contract The common law in society says "(1) Corporations are creatures of the State; (2) It is presumed to be incorporated for the benefit of the public; (3) It receives certain special privileges and franchises, and holds them subject to the laws of the State and the limitations of its charter; (4) Its power's are limited by the law; (5) It can make no contract NOT authorized by its charter; and (6) Its right's to act as a corporation are only preserved to it so long as it obeys the laws of its charter... *See Hale v. Henkel, 201 U.S. 43 at 47 (1905).*

21.    Respondents are required to have due diligence when handling debt instruments over the course of regular business transactions as outlined in section 312 of the PATRIOT ACT and further delineated in 31 CFR 108.

22.    As outlined in title 26 USC 2652 (b)(1), a trust relationship as an operation of law began with the demand deposit and a security agreement is formed under UCC 9-108 .

23.    Respondent(s) have the legal capacity and special skills necessary as fiduciaries to operate a correspondent account with the trust authority in this matter to discharge, settle and close the accounting.

**Respondent(s) / trustee's sold applicant's credit as a publicly traded instrument basically assuming that applicant abandoned his tax responsibility of assessing the tax and the tax liability:**

**Applicant has a right to assess the tax on the credit used by respondent(s)... this is the arbitral issue.**

24.    The trustee/ respondent(s) did in fact significantly modify the conditions of payment therefore creating a capital transfer tax that discharges the drawer and maker being that the applicant's demand for payment /promissory note / negotiable instrument must be unconditional under UCC 3-106(d).

25.    By the respondent's incurring income on the significant modification of the negotiable instrument under UCC 3-106, this is unjust enrichment and an abuse of the original issue discount rule found at 26 CFR 1.1701-2 as the respondent(s) are engaged in a transaction to achieve a result that is unreasonable in light of the purpose of the OID rule.

26.    Debt instruments issued with original issue discount are considered by the Internal Revenue Service as class 5 gift and estate taxes as outlined in the Internal Revenue Service Processing Codes and Information Manual (formerly IDRS).

27.    Respondent(s) created a capital transfer tax done by the respondent / trustee with a taxable termination as defined in 26 USC 2612 and simultaneously caused a Generation Skipping Transfer Tax.

28.    Generational Skipping Transfer Tax as a taxable termination is defined at 26 USC 2611(2).

29.    The capital transfer tax on the taxable termination done on a deeds exchange of publicly traded debt created a new debt that is subject to the current inclusion rules for original issue discount... anything that evidences a debt is includable in gross income under title 26 USC section 61. Applicant has a right to assess this tax and report this as income for a return of interest to back to the principal.

30.    The respondent / trustee is liable for the taxes in a taxable termination event under 26 USC 2603(2).

**The respondent(s) are liable for the taxes on the income incurred from the cancellation of debt... this income belong to the applicant and this is the arbitral issue.**

31.    The re-structuring of the debt caused a modification and that triggered the cancellation of debt or securitization thus creating a new debt as the old debt is now deemed satisfied. Applicant asserts against the respondent(s), who are the original

payee(s), the demand package(s) is not thereby made conditional for the purpose of section 3-104(a) of the Uniform Commercial Code.

32.    Respondent's significant modification of the note under 31 USC 108(i) allows for the trustee / respondent to incur cancellation of debt income on a deeds exchange of publicly traded debt, however; applicant did not agree to any modification of the payment and has a right to assess the tax on the income used by the respondent.

33.    The trustee / respondent used applicant's demand package to do off balance sheet financing which in fact significantly modified the demand for lawful payment which is a negotiable instrument that must be unconditional as outlined in UCC 3-106(d).

34.    The trustee / respondent(s) are still in possession of the note which means the trustee / respondent(s) are still using the note which on its face is evidence that the note is a security as statutory law says "a promissory note with a maturity of more than 6 months is a security under 15 USC 78".

35.    The trustee / respondent(s) are still in actual or constructive possession of the debt instrument thus making the respondent(s) the executor as defined in 26 USC 2203.

36.    The executor / respondent is liable for the payment under title 26 USC 2002. The payment, receipt, income incurred on the cancellation of debt and the tax is the arbitral issues.

**Applicant has a reasonable reliance on the respondent(s) pursuant to the security agreement and therefore a right to enforcement and collection as a secured party.**

37.    Applicant is a secured party creditor has a reasonable reliance on the respondent(s) to provide the pertinent tax filing information required for applicant to do a genuine assessment of the tax incurred by the respondent(s) cancellation of debt income done on a deeds exchange of publicly traded debt.

38.    The Respondent(s) unlawful modification of the negotiable instrument is securitization of the note thus giving applicant entitlement to enforcement and collection of the tax by a secured party under UCC 3-607(c) – Commercially reasonable collection and enforcement and 26 USC Subtitle F – Procedure and administration chapter 64 collections.

**39.**    Applicant is the creditor in fact of the incurred cancellation of debt income resulting from the capital transfer tax done by respondent(s) that created this tax issue / tax matter and has an unalienable right to do an assessment that includes filing with the Internal Revenue Service a (form 1040, 1040-V, a form 1099 OID, a form 8281, and a form 1096) and as all OID is considered a class five gift and estate tax, the applicant will file a form 706 and 709 for a Generation Skipping Transfer as outlined in title 26 USC 2611.

40.    Under Florida Trust Code (FTC) section 736.0813(i). applicant asserts the right to do an assessment of the taxes in this matter and in order to show the payor and the recipient of the funds applicant has a right to receive notice from the respondent / trustee of the trustee's identification, address, W-9 and tax identification number as well as other pertinent tax information.

41.    Under Florida Trust Code section 736.0801 applicant asserts the right to have the respondent / trustee administer the trust according to the trust document and the.

42.    Under FTC section 736.0802 applicant asserts the right to "a duty of loyalty" or to be able to rely on the respondent / trustee to place the interest of the trust beneficiaries above everyone else including the trustee.

43.    Under FTC section 736.0802 applicant asserts the right to have the respondent / trustees avoid acts of self dealing and conflicts of interest.

44.    Perfection by the respondent / trustee in administering the trust is not required but ineptness will not be tolerated... and applicant has a right to enforce under FTC section 736.0804 as this pertains to withholding the receipt and payment upon depositing and anti abuse of the original issue discount rule 26 CFR 1.701-2.

45.    Under FTC section 736.0813, applicant asserts the right to have the respondent / trustee disclose the location of the funds and to be kept informed about the administration of the trust.

46.    Under FTC 736.0813(d), applicant asserts the right to have the respondent / trustee provide a complete annual accounting showing all gains, loses, trustee fees and distributions.

47.    As the respondent(s) / trustee are fiduciaries who deal with securitizing commercial debt instruments on a daily basis, under

FTC section 736.0806, applicant asserts the right to have the trustee use any special skills which the trustee has when dealing with this account.

48.    Applicant, the secured party creditor, asserts priority and perfection in the demand package(s) under The Federal Tax Lien Act at 26 USC 6323 (A) - protects holders of security interest.

49.    As grantor, donor, beneficiary and executor of the Double Lion Uchet Express Trust which is the skip person in this matter, under 26 USC 6323 and UCC 9-607 applicant asserts against the original payee the entitlement to collection and enforcement.

50.    Applicant asserts the right to collect on the note at maturity against the respondent / trustee /U.S. Financial Institution and its agent's pursuant to 26 USC Subtitle F (2) – "is entitled to charge back uncollected collateral or otherwise to full or limited recourse against the debtor or a secondary obligor".

51.    Applicant asserts the right to non judicially control the deposit account that is in the possession of respondent / trustee Deutsche Bank / Deutsche Post / DHL / LLL under the UCC 9-104(a)(2)(3)... (a) "Requirements for control (3) "the secured party becomes the bank's customer with respect to the deposit".

52.    Applicant asserts the right to collect legal and equitable damages as outlined in the written agreement to arbitrate contained within the demand for lawful money pursuant to 12 USC 411 and 50 USC chapter 13 sections 211, 212, 213 and 31 USC 3128; furthermore, entitled to lawful recovery for the transfer of funds from a deposit account pursuant to UCC 9-332; and for the application of proceeds, collection or enforcement – "liability for deficiency and right to surplus pursuant to UCC 9-607(a). The OID is the sum certain amount of 154,800,000 (one hundred fifty four million eight hundred thousand (USD). This is not including liquidated damages (claiming the note at maturity). The relevant precedent in our society with regards to the payment of this debt being made per agency rather than by the Department of the Treasury can be found at *Burr v. FHA 309 US 242 (1940) and House Joint Resolution 192 public law 73.10.*

53.    For liquidation damages in conjunction with the written agreement contained within the demand package(s) applicant is entitled under title 50 USC 211,212,213, title 31 USC 3128 and 31 USC 5312 (a)(2)(c) applicant may seek in arbitration, according to the terms of the contract, that the respondent(s)/ trustee pay the

value of the note at maturity. This netting and settlement does not include a surplus of dividends or coupons or carryover basis income associated with the public dealing of the "Collateral Provider / Cash Borrower" / respondent(s).

## CASE LAW
## CHIEFLY RELIED UPON BY APPLICANT

54. *(Clearfield Doctrine) Clearfield Trust Co. v. U.S., 318 U.S. 363 (1943) 318 U.S. 744, 63 S.Ct. 573, 87 L.Ed.838. 43-1 USTOP – 10,051... says that when commercial paper is used by corporate government, the government loses its sovereignty status and becomes no different than a mere private corporation.*

55. *Deputy v. Dupont, 308 U.S. 488(1940) on the question of what is interest? "It is a charge for the use of forbearance of money".*

## CASE LAW

56. *Hale v. Henkel, 201 U.S. 43 at 47 (1905). Corporations are creatures of the state... it can make no contract not authorized by its charter....*

57. *S.C.R. 1795 Penhallow v. Doane's Administrators (3U.S. 54; 1L. Ed. 57; 3 Dall. 54). "Corporations have no right to refuse to submit its books and papers for an examination at the suit of the state."*

58. *Eliot v. Freeman, 220 U.S. 178 (1911) the court made it clear that the Express Trust is NOT subject to "legislative control". It went on to acknowledge that the right – wise stance of the United State Supreme Court that the trust relationship comes under the realm of equity based upon the common law right of contract and it is NOT subject to legislative restrictions as are corporations and other organizations created by legislative authority.*

59. *U.S. v. Bishop, 412 US 346 – Willfulness*

60. *Supreme Court Decision in United States v. Henry Turner's Heirs... legal heirs to the land annexed by the United States in the Louisiana Purchase in 1803 – Rightful owners of the territory "Marquis de Maison Rouge"*

61. *U.S. v. Turner, 52 U.S. 663 (1850).*

62. *Pejic v. Hughes Helicopters 840 F. 2d 667, 673 (9th Cir. 1988)... multiple courts have held that "national origin" is not limited to countries in existence at the time of a discrimination claim.*

63. *Arculeo v. On-Site Sales & Mktg, 425 F. 3d 193,198 2nd Cir. (2005) Pursuant to the "joint employer doctrine," an employee may assert Title VII liability against a "constructive employer" – an entity that shares in controlling the terms and conditions of a plaintiff's employment.*

64. *Cf. Galloway v. United States, 319 U.S. 372 (1943)... aims to facilitate the exercise by the Court of its responsibility to assure the fidelity of its judgment to the controlling law, a responsibility imposed by the Due Process Clause of the Fifth Amendment.*

65. *McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)...says the plaintiff (employee) must first establish a prima facie case of discrimination. The defendant (employer) must produce evidence of a legitimate non-discriminatory reason for its actions.*

66. *Griggs v. Duke Power Co. 401 US 424 1971Title VII of the 1964 Civil Rights Act prohibits not only intentional job discrimination, but also employer practices that have a discriminatory effect.*

67. *Burr v. FHA 309 US 242 (1940) and House Joint Resolution 192 public law 73.10.*

68. *See Pestroleous Mexicanos v. Executive MFE Aviation, LLC, 46 Fla. L. Weekly D108 (Fla 4th).*

69. *Seifert, 750, So. 2d at 640-41;*

70. *Stacy David, Inc. v. Consuegra, 845, So 2d 303, 306, (Fla. 2d D.C.A. 2003);*

71. *Aztec Med. Servs. v. Burger, 792 So. 2d 617, 619 (Fla 4th D.C.A. 2001) (tort claims are arbitral when crux of claim is that tort liability arises where there is some failure to do what a contract requires); see also, **Senti v. Sanger Works Factory, Inc, 2007 WL 1174076 (M.D.Fla. April 18 2007)**(collecting cases).*

# DISCUSSION

Applicant has answered more than the question of whether the demand package is considered publicly traded debt....

- That applicant demonstrated that an international commercial contract does exist between the parties and
- Clear and convincing evidence that the international commercial contract is a publicly traded debt done by the respondent(s) and a tax liability owed by the respondent(s) as a result; and
- This shows that income was incurred from the capital transfer tax on the taxable termination done by the respondent... this Generational Skipping Transfer Tax is the arbitral issue that has been raised.
- That this is a binding contract accepted by respondent(s) subject to all defenses and claims under the Federal Arbitration Act with a valid, irrevocable and enforceable written agreement to arbitrate.

This court has the authority to compel the parties to international commercial arbitration as the there are three elements the court must consider as in the ruling found at *Pestroleous Mexicanos v. Executive MFC Aviation, LLC, 46 Fla. L Weekly D108a (Fla. 4th DCA)* (expressing whether a valid written agreement to arbitration existed; whether an arbitral issue was raised; and whether the right to compel arbitration has been waived).

# CONCLUSION

Lastly, for the reasons given in the notice to compel arbitration, the application to compel arbitration, the memorandum of law in support of the application to compel arbitration and the other papers comprising the application to compel arbitration, the applicant request an:

- Order to compel the parties to arbitration on the demand for arbitration package presented by the applicant in this application under the Convention on the Recognition of Foreign Arbitration Awards pursuant to 9 USC 305 (2);
- Order the appointment of arbitrators as written in the demand for arbitration pursuant to 9 USC 206; and
- Order the ADR program to administer the arbitration according to the court order and the private banking contract/ demand for arbitration the way that it is written.
- Applicant has shown the existence of a valid, irrevocable and enforceable contract to arbitrate between the parties. Relevant common law says *"Consider the allegation of a tort claim between two contracting parties. Tort claims, including those sounding in negligent misrepresentations and fraud, and especially when based upon alleged duties created by a contractual relationship, can be subject to arbitration. See Seifert, 750, So. 2d at 640-41; Stacy David, Inc. v. Consuegra, 845, So 2d 303, 306, (Fla. 2d D.C.A. 2003); Aztec Med. Servs. v. Burger, 792 So. 2d 617, 619 (Fla 4th D.C.A. 2001) (tort claims are arbitral when crux of claim is that tort liability arises where there is some failure to do what a contract requires); see also, Senti v. Sanger Works Factory, Inc, 2007 WL 1174076 (M.D.Fla. April 18 2007) (collecting cases).*
- Applicant is entitled under the Confiscation Act August 6, 1861 / July 16, 1862 and codified in title 50 USC 211, 212, 213, title 31 USC 3128, and 31 USC 5312(a)(2)(c) applicant may seek damages that includes claiming the value of the note at maturity.

**Notice to the Agent is Notice to the Principal – Notice to the Principal is notice to the Agent.**

June 27, 2023

Non – U.S. Person - Non – Resident – Non – Domestic – Non – Subject

In Honor,

I am:

khuti-amen.bey

ra nu ra khuti amen bey,

Authorized Representative Natural Person, In Propria Persona: In Solo Proprio, Sue Juris, Sue Heredes, Ex Relatione All Rights Reserved:U.C.C.1-207/ 1-308;U.C.C. 1-103 C/o~P.O. BOX 11205 ~tampa-territory, ~florida- republic [~33680-9998] Non Domestic 813-293-5194