UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RA NU RA KHUTI AMEN BEY,

    Plaintiff,

v.     Case No: 8:23-cv-01435-KKM-SPF

DHL, et al.,

    Defendants.
_____

## ORDER

On June 27, 2023, Plaintiff Ra Nu Ra Khuti Amen Bey (also known as Bertram Andrews-Powley, III) filed a complaint seeking to compel international arbitration against several private defendants and to obtain injunctive relief against the Attorney General. *See, e.g.*, Compl. (Doc. 1) at 1, 3, 27.[1] Bey also filed a motion requesting that the Court shorten the time to respond to the complaint. Mot. to Shorten Time (Doc. 2). Because Bey's complaint is an impermissible shotgun pleading, the Court dismisses it without prejudice.

---

[1] Although Bey styled his pleading as a "Notice of Application to Compel International Commercial Arbitration," Compl. at 1, and stated that he is "a [third-party] intervener in this matter," *id.* at 2, the Court construes his filing to be, at least in part, a complaint for injunctive relief against the Attorney General in the light of his request that the Court "order the [Attorney General] to send [him] certified copies" of various tax forms, *id.* at 3.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Court also denies Bey's motion as moot.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." And "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." FED. R. CIV. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland*, 792 F.3d at 1320. The Eleventh Circuit has explained that such complaints are "altogether unacceptable" because they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). And although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that the Court must "sua sponte allow a litigant one chance to remedy such deficiencies"); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se . . . litigant is in court,

he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Weiland*, 792 F.3d at 1321–23. But "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Bey's complaint is a prototypical shotgun pleading. To begin with, although the complaint contains numbered paragraphs in some places, it still fails to comply with Rule 10(b)'s requirement that plaintiffs state "each claim founded on a separate transaction or occurrence . . . in a separate count" if "doing so would promote clarity." FED. R. CIV. P. 10(b). And clarity is sorely needed, as the complaint currently does not furnish Defendants with "adequate notice of the claims against them and the grounds upon which each claim

rests." *Weiland*, 792 F.3d at 1323. For example, it is not apparent from the face of the complaint what facts or law support an order compelling the Attorney General to provide Plaintiff with particular tax documents, *see supra* n.1, or even what "taxable termination event" Plaintiff is referring to, *see* Compl. at 3. In sum, Bey's complaint is so "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1322, that it fails to give anyone—Defendants or the Court—"adequate notice of the claims . . . and the grounds upon which each claim rests," *id.* at 1323.

Bey is encouraged to consult the Middle District of Florida's website and its "Litigants without Lawyers" section for questions about proceeding with his case. *See* https://www.flmd.uscourts.gov/litigants-without-lawyers.

Accordingly, the following is **ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. Plaintiff's Motion for Miscellaneous Relief (Doc. 2) is **DENIED without prejudice**.

3. By **July 18, 2023**, Plaintiff may file an amended complaint consistent with the directives of this Court's orders and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b) and the Local Rules. Failure to file an amended complaint by this deadline will result in the dismissal of this action without further notice.

ORDERED in Tampa, Florida, on June 28, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge