UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RA NU RA KHUTI AMEN BEY,

    Plaintiff,

v.                                                  Case No: 8:23-cv-01435-KKM-SPF

DHL, et al.,

    Defendants.
_____

## ORDER

On June 27, 2023, Plaintiff Ra Nu Ra Khuti Amen Bey (also known as Bertram Andrews-Powley, III) filed a complaint seeking to compel international arbitration against several private defendants and to obtain injunctive relief against the Attorney General. *See, e.g.*, Compl. (Doc. 1) at 1, 3, 27.[1] Bey also filed a motion requesting that the Court shorten the time to respond to the complaint. Mot. to Shorten Time (Doc. 2). Because Bey's complaint was an impermissible shotgun pleading, *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015), the Court dismissed the complaint without

---

[1] Although Bey styled his pleading as a "Notice of Application to Compel International Commercial Arbitration," Compl. at 1, and stated that he was "a [third-party] intervener in this matter," *id.* at 2, the Court construed his filing to be, at least in part, a complaint for injunctive relief against the Attorney General. Order Dismissing Compl. (Doc. 3) at 1 n.1.

prejudice, denied Bey's motion as moot, and granted leave to refile by July 18, 2023. Order Dismissing Compl. at 4.

On June 29, 2023, Bey filed an "Amended Notice of Application to Compel International Commercial Arbitration." Amend. Compl. (Doc. 4) at 1. The amended complaint appears to be identical to the initial complaint that this Court dismissed for failure to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b). *See* Order Dismissing Compl.[2] Accordingly, and for the same reasons as in its previous order, the Court dismisses the amended complaint with prejudice.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." And "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." FED. R. CIV. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " *Weiland*, 792 F.3d at 1320. The Eleventh Circuit has explained that such complaints are "altogether unacceptable" because they "exact an intolerable toll on the trial court's docket."

---

[2] As before, the Court construes Bey's pleading to be a complaint for—among other things—injunctive relief against the Attorney General. *See supra* n.1; Amend. Compl. at 3 (requesting that the Court "order the Head of the Agency for the United States Department of Justice to send to [Bey] certified copies" of certain tax forms).

2

*Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). And although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that the Court must "sua sponte allow a litigant one chance to remedy such deficiencies"); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Weiland*, 792 F.3d at 1321–23. But "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or

another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Bey's amended complaint—which again, is substantially identical to his initial complaint—is a prototypical shotgun pleading. Like before, the amended complaint fails to comply with Rule 10(b)'s requirement that plaintiffs state "each claim founded on a separate transaction or occurrence . . . in a separate count" if "doing so would promote clarity." FED. R. CIV. P. 10(b). And as the Court explained in its first dismissal order, "clarity is sorely needed," Order Dismissing Compl. at 3, because the amended complaint fails to furnish Defendants with "adequate notice of the claims against them and the grounds upon which each claim rests," *Weiland*, 792 F.3d at 1323. Most obviously, it is still not apparent from the amended complaint what facts or law support an order compelling the Attorney General to provide Plaintiff with particular tax documents, *see supra* n.2, or even what Plaintiff is referring to by a "taxable termination event," *see* Amend. Compl. at 3. More generally, the amended complaint is still "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," such that it is incapable of providing adequate notice to the Defendants or the Court. *Weiland*, 792 F.3d at 1322.

4

Plaintiff's second complaint—bearing many of the hallmarks of a "sovereign citizen" pleading—addressed none of the Court's earlier admonitions.[3] It simply included the adjective "amended." As is common with these kinds of vexatious litigants, Plaintiff disregards the Federal Rules of Civil Procedure and Local Rules and wastes judicial resources. Having already granted Bey an opportunity to amend with ample explanation as to how to properly do so in this case, he is not entitled to another chance.

Of note, Bey has a history of vexatious litigation in the Middle District of Florida. *See Bey v. Stuart*, No. 8:21-cv-920, 2021 WL 7448070, at *1 (M.D. Fla. July 6, 2021) (Merryday, J.) (dismissing a frivolous complaint that "cite[d] dozens of purported 'laws,' including the 'Zodiac Constitution,' the 'Treaty of Guadalupe Hidalgo,' and the 'Pope's Letter to Obama,' " and "comprise[d] a prolix, rambling, and largely indecipherable series of allegations" with prejudice). In *Stuart*, Judge Merryday noted that Bey had already sued the same defendants before on "nearly identical and similarly frivolous claim[s]." *Id.* The Court reiterates Judge Merryday's warning: Bey "risks the imposition of a sanction, including a pre-filing injunction, by again repeating—here or elsewhere—any of the claims resolved against him in this or another action." *Id.* (citing *Martin-Trigona v. Shaw*, 986

---

[3] Many of the phrases in Bey's amended complaint are often used by so-called "sovereign citizens." For example, because sovereign citizens believe that they are not subject to the jurisdiction of the courts, they "frequently deny that they are [parties] in the action, instead referring to themselves as third-party intervenors, as [Bey] does here." *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013). "Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous." *Id.*

F.2d 1384, 1387 (11th Cir. 1993) (permitting a pre-filing injunction "to protect against abusive and vexatious litigation")).

Accordingly, the following is **ORDERED**:

1. Plaintiff's Amended Complaint (Doc. 4) is **DISMISSED with prejudice**.

2. Bey is **WARNED** that he risks the imposition of a sanction, including a pre-filing injunction, by again repeating any of the claims resolved against him in this action.

3. The Clerk is directed to enter **JUDGMENT** against Plaintiff, to terminate any pending motion and deadline, and to close the case.

**ORDERED** in Tampa, Florida, on July 6, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge